**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.

FRANCISCO JAVIER OROZCO-SANCHEZ,

    Defendant/Petitioner.

_____/

Criminal Case No. 08-20196
Civil Case No. 09-14263

HON. MARIANNE O. BATTANI

## OPINION AND ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255

Before the Court is Petitioner Francisco Javier Orozco-Sanchez's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. (Doc. 112). For the reasons discussed below, the Court denies Orozco-Sanchez's motion.

On March 26, 2009, Orozco-Sanchez pleaded guilty to one count of conspiring to possess with intent to distribute and to distribute over five kilograms of cocaine. Orozco-Sanchez's plea agreement stated that he "met with and delivered cocaine and received payment with individuals both within and outside of the organization." Furthermore, the plea agreement stated that neither Orozco-Sanchez nor the Government disputed the advisory sentencing guideline range of 70-87 months' imprisonment. In the plea agreement, Orozco-Sanchez also waived his right to appeal his conviction or sentence if his sentence did not exceed 87 months.

On July 21, 2009, Orozco-Sanchez was sentenced to 48 months' imprisonment. Orozco-Sanchez filed a notice of appeal on July 27, 2009, but he voluntarily dismissed this appeal on September 25, 2009. Subsequently, on October 30, 2009, Orozco-

Sanchez filed the 28 U.S.C. § 2255 motion that is now before the Court. In this motion, Orozco-Sanchez moves to have his sentence vacated because (1) his sentence was both procedurally and substantively unreasonable, and (2) his counsel provided him with ineffective assistance at sentencing.

Motions seeking to collaterally challenge a conviction or sentence under 28 U.S.C. § 2255 may generally only raise issues that were presented in the petitioner's direct appeal. See United States v. Timmreck, 441 U.S. 780, 783 (1979); Weinberger v. United States, 268 F.3d 346, 351 (6th Cir. 2001). As Orozco-Sanchez voluntarily dismissed his direct appeal, he failed to raise these issues. However, "challenges that cannot otherwise be reviewed for the first time on a § 2255 motion can be reviewed as part of a successful claim that counsel provided ineffective assistance under the standard set forth in Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)." Weinberger, 268 F.3d at 351. Accordingly, if Orozco-Sanchez's ineffective assistance of counsel claim is successful, he may also bring his challenges to the procedural and substantive reasonableness of his sentence.

In Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth a two-pronged test for determining whether a habeas petitioner has received ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. Strickland, 466 U.S. at 687. Second, the petitioner must establish that the deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal. Id.

In order to prove deficient performance, a petitioner must identify acts that were "outside the wide range of professionally competent assistance." Id. at 690. The reviewing court's scrutiny of counsel's performance is highly deferential. Id. at 689. Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Id. at 690. To satisfy the prejudice prong under Strickland, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome. Id.

Orozco-Sanchez argues that his counsel was ineffective for failung to argue that there was an unjustifiable disparity between the sentence he was facing and the sentences imposed on Orozco-Sanchez's codefendants. In particular, he notes that Julio Adrian Duenas-Sanchez had the same 70-87 months guideline range that he had, but only received a sentence of 30 months. He also notes that Jasiel Alejo Villarreal-Silva was sentenced to only 14 months' imprisonment.

Orozco-Sanchez's argument fails because his counsel did argue that the Court should sentence Petitioner in a way that avoided an unwarranted disparity with the sentences of his coconspirators. In particular, Orozco-Sanchez's counsel's sentencing memorandum to the Court stated the following:

> To avoid an unwanted disparity in sentencing, this Court should treat Mr. Orozco-Sanchez in the same fashion it has treated several of the co-defendants. Specifically, co-defendants Ernesto Gutierrez-Villavavazo, [Julio] Adrian Duenas-Sanchez, and Carlos Francisco Vasquez-Valerano. All have the same sentencing range of 70-87 months. Their sentences fall into the range of 30-48 months.

(Doc. 102 at 5). Here, Orozco-Sanchez's counsel not only argued that the Court should consider the sentences given to the codefendants, but he explicitly refers to the sentence given to Duenas-Sanchez.

Although his counsel did not specifically make an argument regarding Villarreal-Silva's 14-month sentence, the failure to make this argument does not constitute ineffective assistance because Orozco-Sanchez and Villarreal-Silva engaged in dissimilar conduct. Whereas Orozco-Sanchez admitted delivering cocaine and receiving payment, Villarreal-Silva only served as a "dispatcher" who answered telephones and relayed messages for the drug-distributing organization. Thus, Villarreal-Silva's plea agreement set forth an undisputed guideline range of only 46-57 months, as compared to Orozco-Sanchez's plea agreement, which specified an undisputed guideline range of 70-87 months. Accordingly, it is not surprising that Orozco-Sanchez's counsel did not offer any argument relating to a possible disparity between Villarreal-Silva's sentence and Orozco-Sanchez's sentence. See Strickland, 466 U.S. at 690. Instead, his counsel put forth the more plausible argument that Orozco-Sanchez's sentence should be similar to that received by the three co-defendants who had the same advisory guideline range. The Court finds that the performance of Orozco-Sanchez's counsel in this matter was neither deficient nor prejudicial. Accordingly, Orozco-Sanchez's ineffective assistance of counsel argument fails.

For the reasons discussed, the Court **DENIES** Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.

**IT IS SO ORDERED.**

                                        s/Marianne O. Battani
                                        MARIANNE O. BATTANI
                                        UNITED STATES DISTRICT JUDGE

DATED: March 30, 2010

**CERTIFICATE OF SERVICE**

     Copies of this Order were served upon Plaintiff and counsel of record on this date by ordinary mail and electronic filing.

                                        s/Bernadette M. Thebolt
                                        Case Manager